## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,                                    Crim. No. 20-106 (DWF/BRT)

                 Plaintiff,

v.

(1) Lamond Leroy McCabe,                                              **ORDER**
also known as Pimp; and
(2) Mario Jermaine Rolack,
also known as Rio,

                 Defendants.

Ruth Shnider, Esq., United States Attorney's Office, counsel for Plaintiff.

Robert J. Shane, Esq., Shane Law Office, counsel for Defendant McCabe.

Deborah K. Ellis, Esq., Ellis Law Office, counsel for Defendant Rolack.

This action came before the Court on October 16, 2020, for a hearing at the U.S. Courthouse, 316 North Robert Street, St. Paul, MN 55101. The Defendants and the Government presented various pretrial motions. Based on the file and documents contained herein, along with the memoranda and arguments of counsel, the Court makes the following Order:

1.      **Government's Motions for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2.** The Government seeks disclosure of documents and tangible objects, reports of examinations and tests, and a written summary of expert testimony pursuant to Fed. R. Crim. P. 16(b). The Government also

seeks disclosure of any alibi by the Defendants pursuant to Fed. R. Crim. P. 12.1, and all witness statements pursuant to Fed. R. Crim. P. 26.2. In addition, the Government seeks notice (by the pretrial-motions-hearing date) pursuant to Fed. R. Crim. P. 12.2, if Defendants intend to rely upon the defense of insanity or introduce expert testimony relating to a mental disease or defect or any other mental condition of the Defendants bearing on the issue of guilt. The Government also seeks notice (by the pretrial-motions-hearing date) pursuant to Fed. R. Crim. P. 12.3, if Defendants intend to rely upon the defense of actual or believed exercise of public authority on behalf of a law enforcement agency or federal intelligence agency at the time of the offense. Defendants filed no objection to the motions. Therefore, Defendants are hereby ordered to comply with the discovery and disclosure obligations under the aforementioned rules. The Government's Motions for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2 (**Doc. Nos. 21, 39**) are **GRANTED**. The parties must disclose the identity of any non-rebuttal experts and all non-rebuttal expert disclosures **30 days** before trial. Any rebuttal experts must be noticed along with the production of rebuttal expert disclosures no later than **10 days** before trial.

2.     **Defendant McCabe's Request for Discovery and Inspection Pursuant to Rule 16.** Defendant McCabe requests an order requiring the Government to produce or permit various items of discovery, inspection, and copying pursuant to Fed. R. Crim. P. 16 and any other statutory or constitutional rules. The Government does not object to Defendant's request. Defendant McCabe's Request for Discovery and Inspection Pursuant to Rule 16 (**Doc. No. 20**) is **GRANTED** to the extent that it conforms to Fed. R.

2

Crim. P. 12, 16, and 26.2 and is not already moot. The motion is **DENIED** to the extent that the Jencks Act protects disclosure, and identification of witnesses shall be done in accordance with the District Court's pretrial order on disclosure of witness and exhibit lists. Within **10 days** of the date of this Order, the Government must disclose all *Brady* and *Giglio* information in its possession or of which it has become aware as of the date of this Order and must promptly supplement its disclosure upon receipt of any additional *Brady* and *Giglio* information not previously disclosed. The parties must disclose the identity of any non-rebuttal experts and all non-rebuttal expert disclosures **30 days** before trial. Any rebuttal experts must be noticed along with the production of rebuttal expert disclosures no later than **10 days** before trial. The Government must disclose Rule 404 evidence no later than **14 days** prior to trial. Identification of witnesses shall be done in accordance with the District Court's pretrial order on disclosure of witness and exhibit lists.

3.      **Defendant McCabe's Motion to Suppress Evidence Obtained from Laurel Village Management Office and Franks Hearing.** Defendant McCabe seeks an order suppressing all evidence obtained from the execution of the search warrant on March 23, 2020, at the Laurel Village Management Office. Defendant McCabe has withdrawn his request for a *Franks* Hearing. (Doc. No. 64.) The Government opposes the motion to suppress. The Court requests post-hearing briefing on the issue. Defendant McCabe shall file his post-hearing brief no later than **December 14, 2020**, and the Government shall file its response by **December 30, 2020**. The Court will take Defendant McCabe's Motion to Suppress Evidence Obtained from Laurel Village Management

Office **(Doc. No. 29)** under advisement on **December 30, 2020**, and issue a **Report and Recommendation** to the District Court.

1.      **Defendant McCabe's Motion to Suppress Evidence Obtained from Ion Swab on Exterior Apartment Door [ ] and Franks Hearing.** Defendant McCabe seeks an order suppressing the ion swab evidence obtained from the execution of the search warrant on March 25, 2020, at an apartment. Defendant McCabe has withdrawn his request for a *Franks* Hearing. (Doc. No. 64.) The Government opposes the motion to suppress. The Court requests post-hearing briefing on the issue. Defendant McCabe shall file his post-hearing brief no later than **December 14, 2020**, and the Government shall file its response by **December 30, 2020**. The Court will take Defendant McCabe's Motion to Suppress Evidence Obtained from Ion Swab on Exterior Apartment Door **(Doc. No. 30)** under advisement on **December 30, 2020**, and issue a **Report and Recommendation** to the District Court.

2.      **Defendant McCabe's Motion to Suppress Evidence Obtained from the Warrantless Seizure of the Defendant's Buick Enclave.** Defendant McCabe seeks an order suppressing all evidence obtained from the warrantless seizure of Defendant McCabe's Buick Enclave on March 25, 2020. The Government opposes the motion to suppress. The Court requests post-hearing briefing on the issue. Defendant McCabe shall file his post-hearing brief no later than **December 14, 2020**, and the Government shall file its response by **December 30, 2020**. The Court will take Defendant McCabe's Motion to Suppress Evidence Obtained from the Warrantless Seizure of the Defendant's

Buick Enclave (**Doc. No. 31**) under advisement on **December 30, 2020**, and issue a **Report and Recommendation** to the District Court.

3.     **Defendant McCabe's Motion to Suppress Evidence Obtained from the Search of the Buick Enclave and Franks Hearing.** Defendant McCabe seeks an order suppressing all evidence obtained from the execution of a search warrant on March 25, 2020, on Defendant's Buick Enclave. Defendant McCabe has withdrawn his request for a *Franks* Hearing. (Doc. No. 64.) The Government opposes the motion to suppress. The Court requests post-hearing briefing on the issue. Defendant McCabe shall file his post-hearing brief no later than **December 14, 2020**, and the Government shall file its response by **December 30, 2020**. The Court will take Defendant McCabe's Motion to Suppress Evidence Obtained from the Search of the Buick Enclave (**Doc. No. 32**) under advisement on **December 30, 2020**, and issue a **Report and Recommendation** to the District Court.

4.     **Defendant McCabe's Motion to Suppress Evidence Obtained from the Search of [the Laurel Apartment].** Defendant McCabe seeks an order suppressing all evidence obtained from the execution of a search warrant on March 25, 2020, at an apartment. Defendant McCabe has withdrawn his request for a *Franks* Hearing. (Doc. No. 64.) The Government opposes the motion to suppress. The Court requests post-hearing briefing on the issue. Defendant McCabe shall file his post-hearing brief no later than **December 14, 2020**, and the Government shall file its response by **December 30, 2020**. The Court will take Defendant McCabe's Motion to Suppress Evidence Obtained

from the Search of [the Laurel Apartment] (**Doc. No. 33**) under advisement on

**December 30, 2020**, and issue a **Report and Recommendation** to the District Court.

5. **Defendant Rolack's Motion for Suppression of Evidence Obtained as a Result of Unlawful Searches.** Defendant Rolack seeks an order suppressing all evidence obtained from the following searches: (1) March 25, 2020 search of Astro vehicle; (2) March 25, 2020 search of residence in Dayton, Minnesota; (3) searches of Rolack's Facebook account and postings; and (4) searches of Rolack's cell phones. The Government opposes the motion to suppress. The Court requests post-hearing briefing on the issue. Defendant Rolack shall file his post-hearing brief no later than **December 14, 2020**, and the Government shall file its response by **December 30, 2020**. The Court will take Defendant Rolack's Motion for Suppression of Evidence Obtained as a Result of Unlawful Searches (**Doc. No. 53**) under advisement on **December 30, 2020**, and issue a **Report and Recommendation** to the District Court.

6. **Defendant Rolack's Motion for Disclosure of Impeaching Information and Exculpatory Evidence.** Defendant Rolack moves, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny, for an order compelling the Government to disclose all evidence favorable to him. The Government states that it will comply fully with its obligations under *Brady* and *Giglio*. Defendant Rolack represents that since the filing of the motion, the parties have reached agreement on the disclosure of exculpatory evidence. (Doc. No. 65.) Defendant Rolack's Motion for Disclosure of Impeaching Information and Exculpatory Evidence (**Doc. No. 54**) is **GRANTED** to the extent it is not moot. Within **10 days** of the date of this

6

Order, the Government must disclose all *Brady* and *Giglio* information in its possession or of which it has become aware as of the date of this Order and must promptly supplement its disclosure upon receipt of any additional *Brady* and *Giglio* information not previously disclosed.

       7.     **Defendant Rolack's Pretrial Motion for Disclosure of 404(b) Evidence.**

Defendant Rolack moves for immediate disclosure of any "bad act" or "similar course of conduct" evidence that the Government intends to offer at trial pursuant to Fed. R. Evid. 404, and to further direct the Government to identify the witnesses through whom such evidence will be presented at trial. The Government objects to immediate disclosure, but represents that it will comply with Rule 404 and that it is agreeable to disclosure 14 days prior to trial. Defendant Rolack represents that since the filing of the motion, the parties have reached agreement on the disclosure of Rule 404(b) evidence. (Doc. No. 65.) Defendant Rolack's Pretrial Motion for Disclosure of 404(b) Evidence **(Doc. No. 55)** is **GRANTED** to the extent that the Government must disclose Rule 404 evidence no later than **14 days** prior to trial. Identification of witnesses shall be done in accordance with the District Court's pretrial order on disclosure of witness and exhibit lists.

       8.     **Defendant Rolack's Motion for Government Agents to Retain Rough Notes and Evidence.** Defendant Rolack moves for an order requiring law enforcement agents, including any confidential reliable informants, to retain and preserve all rough notes taken as part of their investigation into this case, and to preserve all evidence seized in the course of the investigation. The Government does not object to the motion and represents that it has instructed its agents to do so. Defendant Rolack's Motion for

Government Agents to Retain Rough Notes and Evidence (**Doc. No. 56**) is **GRANTED**.

However, disclosure of rough notes is not required by this Order.

**9.**     The voir dire, jury instructions, and trial related motions due date, along

with the trial date, are to be determined by U.S. District Judge Donovan W. Frank.


Date:  October 19, 2020

                                                         *s/ Becky R. Thorson*
                                                          BECKY R. THORSON
                                                          United States Magistrate Judge

8