**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

Plaintiff,

v.

Lamond Leroy McCabe,
*also known as* Pimp,

Defendant.

Criminal No. 20-106 (DWF/BRT)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

This matter is before the Court upon Defendant Lamond Leroy McCabe's ("Defendant") objections (Doc. No. 86) to Magistrate Judge Becky R. Thorson's January 29, 2021 Report and Recommendation (Doc. No. 85)[1] insofar as it recommends that the Defendant's five motions to suppress evidence be denied (Doc. Nos. 29, 30, 31, 32, 33).

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Defendant's objections.

---

1 The Report and Recommendation was sealed initially. (Doc. No. 81.) The Magistrate Judge ordered the parties to submit proposed redactions. (Doc. No. 82.) Both parties notified the Court that no further redactions were necessary. (Doc. Nos. 83, 84.) The unsealed Report and Recommendation was filed at Doc. No. 85.

Defendant was indicted on one count of conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; one count of possession with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2; and one count of possession of firearms in furtherance of drug trafficking crimes in violation of 18 U.S.C. § 924(c)(1)(A) and 18 U.S.C. § 2. (Doc. No. 1.) Defendant filed five separate motions to suppress: (1) Motion to Suppress Evidence Obtained from Laurel Village Management Office, relating to a search warrant executed on March 23, 2020; (2) Motion to Suppress Evidence Obtained from Ion Swab on Exterior Apartment Door, related to a search warrant executed on March 25, 2020; (3) Motion to Suppress Evidence Obtained from the Warrantless Seizure of the Defendant's Buick Enclave, relating to the seizure of Defendant's Buick Enclave on March 25, 2020; (4) Motion to Suppress Evidence Obtained from the Search of the Buick Enclave, relating to a search warrant executed on March 25, 2020; and (5) Motion to Suppress Evidence Obtained from the Search of [the Laurel Apartment], relating to a search warrant executed on March 25, 2020.

The Magistrate Judge separately considered each motion. With respect to the motion to suppress records from the Laurel Village management office, the Magistrate Judge concluded that Defendant does not have a reasonable expectation of privacy in the apartment management office or to the items seized (rental agreement, rental applications, surveillance footage, file notes, key fob reports, phone numbers, address information, and vehicle information) and that the items seized appear to be the type a landlord would use on a regular basis to conduct its business and not items that

Defendant owns himself. The Magistrate Judge reasoned that the government does not infringe on a legitimate expectation of privacy of a person who disclosed information to a third party. Accordingly, the Magistrate Judge concluded that Defendant does not have standing to challenge the search warrant.

As to the motion to suppress the Ion swab search warrant, the Magistrate Judge noted that the Government represented that it would not offer evidence of the Ion swab in its case-in-chief and found that the motion is moot. The Magistrate Judge also touched on the issue of whether the inclusion of facts regarding the Ion swab in other search warrant applications (i.e., for the search of the Buick and the apartment on Laurel Avenue) renders those warrants invalid. The Magistrate Judge concluded that probable cause for those warrants existed even without the information in the affidavits relating to the Ion swab.

With respect to the motion to suppress evidence based on the search and seizure of Defendant's Buick, the Magistrate Judge concluded that the supporting affidavit provides sufficient probable cause for the search and the seizure of the Buick. The Magistrate Judge detailed information included in the application. For example, the application included information provided by a CRI and learned through officer surveillance that indicated a fair probability that an individual, C.K., was involved in buying and selling narcotics and linking C.K. to Defendant. The affidavit contained information that Defendant had been using an alias at the apartment complex where he rented a unit and had presented fictitious identification information to the apartment management company, that Defendant and C.K. met briefly at C.K.'s truck outside the apartment

complex where Defendant delivered an apparently full paper bag to C.K. while wearing gloves, that Defendant was later seen meeting with C.K. at C.K.'s truck and counting something inside the truck, and that Defendant left in a white Buick with license plates registered to Defendant. The affidavit details that the officer believed that C.K. made "drops" throughout South Minneapolis during the evening of March 19, 2020. In addition, the affidavit details that the Buick was observed days later (March 23, 2020) at an address matching the address on Defendant's driver's license, and that officers observed Defendant leave his home in the Buick, meet co-defendant Mario Rolack at a home in Bloomington where they went into the garage for about twenty minutes and then left at the same time in their own vehicles. Further, the affidavit indicates that both Defendant and co-defendant drove to the Laurel Avenue apartment, Defendant was seen taking what appeared to be a full and heavy black duffle bag out of his Buick and rolling it into the apartment complex with co-defendant, and that C.K. arrived during this time and was seen entering the complex wearing gloves and carrying a plastic bag. Based on this information, along with the officer's additional averments about his knowledge, training, and experience with narcotic trafficking, the Magistrate Judge concluded that there was probable cause to believe that Defendant was committing, has committed, or was about to commit a crime, and that there was a fair probability that evidence of the crime would be found in the Buick. In addition, the Magistrate Judge explained that even if probable cause did not exist, the warrant was facially valid and a good-faith exception to the exclusionary rule would apply.

Similarly, the Magistrate Judge concluded that the supporting affidavit for the search of the apartment at Laurel Avenue establishes probable cause. The Magistrate Judge noted that in addition to the information included for the search of the Buick, the affidavit included information describing corroboration of CRI information and further detailing the suspected "drops" by C.K. after meeting with Defendant, as well as information that co-defendant was known to buy and sell cocaine from C.K. and that he was observed conducting multiple narcotics transactions. The Magistrate Judge found that the totality of this information supported a finding that there was a fair probability that Defendant, his co-defendant, and C.K. were involved in drug trafficking and that evidence of a crime could be found in the apartment. The Magistrate Judge also concluded that the surveillance reported in the affidavit was not stale. And again, the Magistrate Judge explained that even if probable cause did not exist, the search warrant for the apartment was facially valid and the good-faith exception would apply.

Defendant objects to the Report and Recommendation. Specifically, Defendant argues that there is no probable cause for the seizure and search of the Buick, with or without the information relating to the Ion swab search and results. Defendant calls into question the Magistrate Judge's findings that the search warrant affidavit included information about C.K.—both provided by the CRI and information learned through officer surveillance— indicating a fair probability that C.K. was involved in buying and selling narcotics. Defendant also asserts that there was insufficient support to believe that C.K. was involved in buying and selling narcotics or that there was suspicious activity between C.K., Defendant, and co-defendant. Defendant also argues that the

good faith exception for the search of the Buick does not apply. In addition, Defendant argues that he had an expectation of privacy in landlord records that were seized pursuant to the search warrant. Defendant maintains that there is an expectation of privacy in the contents of tenant files, including credit screening reports or confidential information contained therein. Finally, Defendant argues that the affidavit for the warrant to search the apartment lacks probable cause and the good faith exception does not apply. Specifically, Defendant maintains that there was no established course of conduct by Defendant at the apartment to establish a nexus between drug trafficking and the apartment and that no well-trained officer could have concluded that the search of the apartment was legal.

The United States (the "Government") responded to Defendant's objections and contends that Defendant's objections largely rehash those made previously and were fully considered by the Magistrate Judge. The Government argues that, with respect to the search and seizure of the Buick, Defendant continues to focus on information that is missing from the supporting affidavit while ignoring the totality of the information presented, which the Government maintains provides evidence linking the Buick with drugs. In addition, the Government states that Defendant takes issue with the Magistrate Judge's acknowledgement of particular details regarding the CRI that were contained in other warrant affidavits but omitted on the Buick affidavit, but contends that there is no authority suggesting it was improper for the Magistrate Judge to make a common-sense assessment of the CRI's reliability based on information contained in multiple warrant applications presented over the course of a couple of days and that the affidavit shows

that the officers corroborated some of the CRI's information. The Government also points out that the Magistrate Judge specifically states that, even omitting all of the CRI information from the Buick application, the affidavit still sets forth probable cause. As to the Magistrate Judge's analysis of the good faith exception, the Government underscores that the analysis may consider information known to the officers but not presented to the judge, which would include relevant facts contained in other warrant affidavits.

The Government also maintains that the Magistrate Judge properly concluded that Defendant lacks standing to challenge the search of the busines records held in the Laurel Village management office because he has no personal interest in the office or a reasonable expectation of privacy in the records under the third party doctrine. Finally, the Government argues that Defendant's objections to the Magistrate Judge's conclusions regarding the apartment search are similar to those addressed above with respect to the search of the Buick, and for similar reasons, the Magistrate Judge properly concluded that the affidavit establishes a nexus between drug trafficking and the apartment.

The Court has carefully considered Defendant's objections and the parties' arguments. After that review, the Court finds no reason to depart from the Magistrate Judge's recommendations, which based upon the *de novo* review, are both factually and legally correct. The search and seizure of the Buick and the search of the apartment were both supported by affidavits that provide sufficient probable cause and, even if probable cause did not exist, the good-faith exception applies. In addition, Defendant

lacks standing to challenge the warrant for the documents found in the apartment rental office. Therefore, the Court hereby enters the following:

**ORDER**

1. Defendant Lamond Leroy McCabe's objections (Doc. No. [86]) to Magistrate Judge Becky R. Thorson's January 29, 2021 Report and Recommendation are **OVERRULED**.

2. Magistrate Judge Becky R. Thorson's January 29, 2021 Report and Recommendation (Doc. No. [85]) is **ADOPTED**.

3. Defendant McCabe's Motion to Suppress Evidence Obtained from Laurel Village Management Office (Doc. No. [29]) is **DENIED**;

4. Defendant McCabe's Motion to Suppress Evidence Obtained from Ion Swab on Exterior Apartment Door (Doc. No. [30]) is **DENIED AS MOOT**;

5. Defendant McCabe's Motion to Suppress Evidence Obtained from the Warrantless Seizure of the Defendant's Buick Enclave (Doc. No. [31]) is **DENIED**;

6. Defendant McCabe's Motion to Suppress Evidence Obtained from the Search of the Buick Enclave (Doc. No. [32]) is **DENIED**; and

7. Defendant McCabe's Motion to Suppress Evidence Obtained from the Search of [the Laurel Apartment] (Doc. No. [33]) is **DENIED**.

Dated: March 22, 2021

s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge