UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-106 (DWF/BRT)

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

        **PLEA AGREEMENT AND**
        **SENTENCING STIPULATIONS**

(1) LAMOND LEROY MCCABE,
    a/k/a "Pimp,"

        Defendant.

      The United States of America and Lamond Leroy McCabe (hereinafter referred to as "Defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only Defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

      1.    **Charges.** Defendant agrees to plead guilty to Counts 2 and 3 of the Indictment. Count 2 charges Defendant with aiding and abetting possession with intent to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, and 280 grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and 18 U.S.C. § 2. Count 3 charges Defendant with aiding and abetting possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2.

The United States agrees to move at sentencing to dismiss, as to Defendant, Count 1 of the Indictment, which charges conspiracy to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, and 280 grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.

2.  **Factual Basis**. Defendant agrees to the following facts and further agrees that, were this matter to go to trial, the United States would prove the following facts beyond a reasonable doubt:

In March 2020, Defendant was engaged with others in the trafficking of controlled substances in the State and District of Minnesota. Defendant was renting that apartment under an alias for purposes of storing, manufacturing, and distributing controlled substances. On or about March 25, 2020, Defendant emerged from that apartment building with the duffel bag, which at that time contained controlled substances and two firearms. Defendant placed the duffel bag into his vehicle, at which time he was arrested.

Defendant agrees that the duffel bag he possessed contained approximately ~~30~~ 25 *DWF.* *6/9/21* kilograms of cocaine; approximately 737 grams of cocaine base; a Colt MK-IV series 80 semi-automatic pistol (serial number SS06032); and a Kimber 9 millimeter Solo Carry STS semi-automatic pistol (serial number S1111058). Defendant agrees that he knew the controlled substances and firearms were in the duffel bag at the time he possessed it. Defendant further agrees that he intended to participate in the distribution of the

2

controlled substances, and he possessed the firearms in furtherance of his drug trafficking activities.

In committing the above-described actions, Defendant acted knowingly and intentionally, and with the understanding that his actions violated the law.

3.   **Waiver of Trial and Pretrial Motions.** Defendant understands and agrees that Defendant has certain rights to file pre-trial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, Defendant knowingly, willingly, and voluntarily waives the right to file and/or litigate any pre-trial motions in this case, and agrees to withdraw any motions currently on file. Defendant also understands that by pleading guilty he will waive all rights to a trial or appeal on the question of his guilt.

4.   **Statutory Penalties.** The parties agree that Count 2 of the Indictment carries the following statutory penalties:

      a.    a mandatory minimum sentence of 10 years' imprisonment;

      b.    a maximum term of life imprisonment;

      c.    a supervised release term of at least 5 years and up to life;

      d.    a fine of up to $10,000,000; and

      e.    a mandatory special assessment of $100.

The parties agree that Count 3 of the Indictment carries the following statutory penalties:

3

    a.    a mandatory minimum term of 5 years' imprisonment, which must run consecutively to any other term of imprisonment imposed by the Court;

    b.    a maximum term of life imprisonment;

    c.    a maximum supervised release term of 5 years;

    d.    a fine of up to $250,000;

    e.    a mandatory special assessment of $100; and

    f.    the assessment to Defendant of the costs of prosecution, imprisonment, and supervision.

5.    **Revocation of Supervised Release**.  Defendant understands that if Defendant were to violate any condition of supervised release, Defendant could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

6.    **Guideline Calculations**.  The parties acknowledge that Defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq*.  Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing.  The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:  *DWF 6/9/21*

    a.    Base Offense Level. The Parties agree that pursuant to U.S.S.G. § 2D1.1, the base offense level for Count 2 of the Indictment is **32**, based on the approximately ~~30~~ kilograms of cocaine and approximately 737 grams of cocaine base involved in the offense (which totals between 3,000 kg and 10,000 kg of converted drug weight). *See* U.S.S.G. § 2D1.1(c)(4).

4

b.   Specific Offense Characteristics.  The Parties agree that **2 levels** are added pursuant to § 2D1.1(b)(12) because Defendant maintained a premises for the purpose of manufacturing or distributing controlled substances.

The parties agree that no other specific offense characteristics apply in this case.

c.   The Parties agree that U.S.S.G. § 2K2.4(b) applies to Count 3 and that the Guideline sentence is **60 months,** to run consecutively to any other term of imprisonment imposed in this case.

d.   Acceptance of Responsibility. The government agrees to recommend that Defendant receive a **3-level** reduction for acceptance of responsibility and to make any appropriate motions with the Court. However, Defendant understands and agrees that this recommendation is conditioned upon the following: (i) Defendant testifies truthfully during the change of plea and sentencing hearings, (ii) Defendant provides complete and truthful information to the Probation Office in the pre-sentence investigation, and (iii) Defendant commits no further acts inconsistent with acceptance of responsibility. U.S.S.G. §3E1.1.

The parties agree that other than as provided for herein no other Chapter 3 adjustments apply.

e.   Criminal History Category.  Based on information available at this time, the parties believe that Defendant's **criminal history category is II.** This does not constitute a stipulation, but a belief based on an assessment of the information currently known. Defendant's actual criminal history and related status (which might impact Defendant's adjusted offense level) will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing.  If Defendant's criminal history category is determined by the Court to be different than II, Defendant understands it will not provide Defendant with a basis to withdraw his plea of guilty.

f.   Guideline Range.

If the total offense level is **31**, and the criminal history category is **II**, the Sentencing Guidelines range for Count 2 will be **121 to 151**

months' imprisonment, with a **mandatory, consecutive** Guidelines sentence of **60 months** for Count 3.

g.   Fine Range. If the total offense level is **31**, the fine range is **$30,000 to $10,000,000**. U.S.S.G. § 5E1.2(c)(3)-(4).

h.   Supervised Release. The Sentencing Guidelines recommend a term of supervised release of between two and five years. U.S.S.G. § 5D1.2(a)(1). Pursuant to 21 U.S.C. § 841(b)(1)(A), however, the minimum term of supervised release is **five years**. U.S.S.G. § 5D1.2(c).

i.   Sentencing Recommendation and Departures. The parties reserve the right to make a motion for departures from the applicable Guidelines range and to oppose any such motion made by the opposing party. The parties also reserve the right to argue for a sentence outside the applicable Guidelines range.

However, the Government agrees that it will not recommend a total sentence greater than 200 months.

7.   **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. However, the Court may not impose a sentence of less than 120 months on Count 2, with a consecutive sentence of not less than 60 months on Count 3. If the Court determines that the applicable Guideline calculations or Defendant's criminal history category are different from that stated above, the parties may not withdraw from this agreement, and Defendant will be sentenced pursuant to the Court's determinations.

6

8.    **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100.00 for each felony count of which Defendant is convicted. U.S.S.G. § 5E1.3. Defendant agrees to pay the special assessment at the time of sentencing.

9.    **Forfeiture**. As to Count 2, Defendant agrees to forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a)(1) and (2), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of that offense, including, but not limited to, approximately $9,250 in cash seized from Defendant's person, and $2,190 seized from his residence, on or about March 25, 2020. Defendant agrees that this property is proceeds of narcotics distribution and that it facilitated or was intended to facilitate the violations charged in the Indictment.

As to Count 3, Defendant agrees to forfeit the firearms and associated accessories and ammunition involved in the offense to the United States pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), including but not limited to: a Colt MK-IV series 80 semi-automatic pistol (serial number SS06032), and a Kimber 9 millimeter Solo Carry STS semi-automatic pistol (serial number S1111058).

Defendant agrees that the United States may, at its option, forfeit such property through civil, criminal or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest he may

7

have in the property. Defendant withdraws any claim or petition he has filed with respect to such property and waives all statutory and constitutional defenses to its forfeiture. Defendant further agrees that state or local authorities may forfeit the above-referenced firearm and currency.

Defendant also agrees that the United States may forfeit any and all other property subject to forfeiture as a result of Defendant's plea by any means provided by law.

10.   **Waivers of Appeal and Collateral Attack.** Defendant understands that by pleading guilty, he waives all rights to a trial or appeal on the question of guilt or innocence. Defendant understands that 18 U.S.C. § 3742 affords Defendant the right to appeal the sentence imposed in this case. Acknowledging this right, and in exchange for the concessions made by the United States in this plea agreement, Defendant hereby waives all rights conferred by 18 U.S.C. § 3742 to appeal his sentence, unless the sentence exceeds 211 months' imprisonment. The United States also waives its right to seek appellate review of any sentence of imprisonment imposed by the District Court on any ground set forth in 18 U.S.C. § 3742, unless the sentence is less than 180 months' imprisonment.

In addition, Defendant expressly waives the right to petition under 28 U.S.C. § 2255. However, the waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel. Defendant has discussed these rights with Defendant's attorney. Defendant understands the rights

being waived, and Defendant waives these rights knowingly, intelligently, and voluntarily.

11.    **FOIA Requests.** Defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

12.    **Complete Agreement.** This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and Defendant. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause Defendant to plead guilty.

Date:  6/8/2021

W. ANDERS FOLK.
Acting United States Attorney

BY:    RUTH S. SHNIDER
Assistant U.S. Attorney

Date: June, 3 .2021

Lamond Leroy McCabe
Defendant

Date:

Rob Shane, Esq.
Counsel for Defendant

9