UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-106 (DWF/BRT)

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | **GOVERNMENT'S POSITION ON SENTENCING** |
| (1) LAMOND LEROY MCCABE, | |
| Defendant. | |

The United States of America, by and through its attorneys, W. Anders Folk, Acting United States Attorney for the District of Minnesota, and Ruth S. Shnider, Assistant United States Attorney, hereby respectfully submits its position on sentencing with regard to Defendant Lamond McCabe. For the reasons set forth below, the Government submits that the appropriate sentence is 195 months.

## BACKGROUND & PRESENTENCE INVESTIGATION

On June 9, 2021, Mr. McCabe pleaded guilty to one count of aiding and abetting possession with intent to distribute cocaine and cocaine base (Count 2), and one count of aiding and abetting possession of firearms in furtherance of a drug trafficking crime (Count 3). (PSR ¶¶ 1, 3). These charges arose from an investigation led by the Minneapolis Police Department in March 2020. Through informant information, surveillance, and other investigative measures, the MPD uncovered that McCabe and others were engaged in a large-scale cocaine trafficking operation, which was conducted at least in part out of a "stash house" apartment that McCabe was renting under an alias in downtown

1

Minneapolis. On March 25, 2020, the day of his arrest, McCabe and his co-defendant, Mario Rolack, were observed retrieving a large, suspicious duffel bag from a residence in Bloomington, and bringing it to the stash house apartment downtown. Later that same afternoon, immediately before their arrests, McCabe and Rolack were observed departing the apartment building with the same duffel bag and placing it into McCabe's vehicle. The bag was found to contain approximately 30 kilograms of powder cocaine, 737 grams of crack cocaine, and two firearms.

The United States has reviewed the Presentence Investigation Report ("PSR") prepared by the U.S. Probation Office and agrees with the recitation of the offense conduct set forth therein. (*See* PSR ¶¶ 10-20). The Government also does not object to its findings that Mr. McCabe has a Category II criminal history, and a Guidelines range of 121 to 151 months' imprisonment, plus a consecutive term of 60 months. (PSR ¶¶ 84-86). The statutory mandatory minimum sentence on Count 2 is 120 months, with a mandatory, consecutive term of 60 months on Count 3. (PSR ¶ 84).

As summarized in the PSR, Mr. McCabe received 3 criminal history points, which derive from his 1999 federal cocaine trafficking conviction, for which he received a sentence of 180 months. (PSR ¶ 48; Case No. 99-cr-251).

## THE APPROPRIATE SENTENCE

The primary issue before the Court is what constitutes a reasonable sentence in light of the factors enumerated in 18 U.S.C. § 3553(a). Based on a balancing of the issues set forth below, the Government believes a total sentence of 195 months is sufficient but not greater than necessary to achieve justice in this case.

Mr. McCabe's criminal conduct was incredibly serious in and of itself. On the day of his arrest, not only was McCabe in direct possession of a shocking amount of controlled substances; he also possessed two firearms in furtherance of his unlawful activities. But there are two further aggravating aspects of his conduct. First, McCabe himself occupied an important role in what was clearly a sophisticated drug trafficking ring: he rented a "stash house" under a false alias so that he and his co-conspirators could freely store, manufacture, and distribute drugs while avoiding detection by law enforcement. Second, McCabe engaged in all this conduct notwithstanding *a prior federal conviction for drug-trafficking, for which he received a 180-month sentence*. Although Mr. McCabe has a relatively low criminal history score, it is clear that the primary reason for that is simply that he spent most of the past two decades in federal prison or under federal supervision. Less than five years after being granted early termination from supervised released, he chose not only to reenter the illicit world of drug dealing, but to do so on a scale that dwarfs his prior offense conduct. (*See* PSR ¶ 48). A serious sentence—one longer than the 180 months he already served—is necessary and appropriate to protect the public, impose just punishment, and promote respect for the law.

While it is clear that Mr. McCabe has undergone some significant personal tragedies in recent years, there is nothing in his past that explains his repeated turns to drug-trafficking. He has strong, positive relationships with his family; he purchased and resided at his own home in Monticello; he does not suffer from serious physical ailments or substance abuse; and he was largely able to hold down lawful employment over the past several years. The clear implication is that the money from drug dealing was simply too

3

good, and too easy. Having already experienced a lengthy term of incarceration, and seen its impact on his family, Mr. McCabe knew better and had every capability to do better.

Finally, the Government notes that a 195-month sentence is consistent with the sentence imposed on McCabe's co-defendant. Mario Rolack received a sentence of 192 months but, by the undersigned's memory, the Court subtracted a few months in that case based on the COVID-related conditions of confinement at Sherburne County Jail, where Rolack was detained. Mr. McCabe has been out of custody since his arraignment and, although the aggravating and mitigating factors in each defendant's case are somewhat different, the Government believes they ultimately balance out such that a similar sentence is appropriate in both cases.

## **CONCLUSION**

For all the foregoing reasons, the United States respectfully recommends that the Court impose a total sentence of 195 months (135 months on Count 2, plus the mandatory, consecutive 60 months on Count 3).

Dated: August 30, 2021     Respectfully submitted,

W. ANDERS FOLK
Acting United States Attorney

/s/ *Ruth S. Shnider*
BY: RUTH S. SHNIDER
Assistant U.S. Attorney