UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 20-106(1) (DWF/BRT) |
| | Civil No. 23-655 (DWF) |
| Respondent-Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Lamond Leroy McCabe, | |
| Petitioner-Defendant. | |

## INTRODUCTION

This matter is before the Court on *pro se* Defendant Lamond Leroy McCabe's first motion to vacate his sentence under 28 U.S.C. § 2255 (Doc. No. 204), second motion to vacate his sentence (Doc. No. 209), motion to appoint counsel (Doc. No. 210), motion for evidentiary hearing (Doc. No. 211), motion for order compelling USA (Doc. No. 219), motion for copy of docketing sheet (Doc. No. 220), motion for order and right to Rule 15 (Doc. No. 221), motion to compel defense counsel Robert Shane and James Becker for production of petitioner's files (Doc. No. 226), motion for order (Doc. No. 234), second motion for evidentiary hearing (Doc. No. 249), and motion for extension of time to file response/rely (Doc. No. 259.).  The United States of America (the "Government") opposes McCabe's § 2255 motion.  (Doc. No. 222.)  For the reasons discussed below, the Court respectfully denies McCabe's motions.

## BACKGROUND

McCabe was indicted for conspiracy to distribute controlled substances, possession with intent to distribute controlled substances, and possession of firearms in furtherance of drug trafficking crimes. (Doc. No. 1.) McCabe pled guilty to one count of aiding and abetting possession with intent to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, and 280 grams or more of a mixture and substance containing a detectable amount of cocaine base, and one count of aiding and abetting possession of firearms in furtherance of a drug trafficking crime. (Doc. No. 116 at 1.) McCabe admitted to possessing a duffle bag with approximately 25 kilograms of cocaine and two firearms. (Doc. No. 197 at 28.) He further admitted that his intent was to participate in some way in the distribution of the controlled substance and possessed the firearms in furtherance of drug trafficking. (*Id.*) The plea agreement included a waiver of the right to appeal and the right to petition under 28 U.S.C. § 2255, excluding claims based on ineffective assistance of counsel. (Doc. No. 116 at 8.) The waiver did not apply if McCabe's sentence exceeded 211 months. (*Id.*) The Court sentenced McCabe to 180 months in prison and 5 years of supervised release. (Doc. No. 169).

McCabe brought a § 2255 motion on March 16, 2023. (Doc. No. 204.) Less than two weeks later, he filed a second § 2255 motion. (Doc. No. 209.) He filed several other motions in the following two months. (Doc. Nos. 210, 211, 219, 220, 221, 226, 234.) Before the Court was able to rule on these motions, McCabe filed an appeal. The Eighth Circuit dismissed the appeal for lack of jurisdiction. (Doc. No. 237.) McCabe later filed

an additional motion for an evidentiary hearing. (Doc. No. 249.) The Government opposes McCabe's motion under § 2255. (Doc. No. 222.)

Because McCabe introduced new allegations in his reply brief (Doc. Nos. 252-55), the Court provided the Government with an opportunity to respond. (Doc. No. 256.) The Government submitted a supplemental response. (Doc. No. 257.) McCabe then filed a motion for extension of time to file a response. (Doc. No. 259.)

## DISCUSSION

McCabe filed his first § 2255 motion in March 2023. Eleven days later, he filed a second § 2255 motion. "[W]hen a *pro se* petitioner files a second § 2255 motion while h[is] first § 2255 motion is still pending before the district court, the second motion . . . should be construed as a motion to amend." *United States v. Sellner*, 773 F.3d 927, 931-32 (8th Cir. 2014). Thus, the Court's ruling below is focused on McCabe's second § 2255 motion. McCabe's motion is nearly 150 pages long and contains over 90 grounds for relief.

**I.    Section 2255 Legal Standard**

Title 28, United States Code, Section 2255, provides that a prisoner "may move the court which imposed the sentence to vacate, set aside or correct the sentence." In making such a motion, a § 2255 action requires a prisoner to show that he has the right to be released because:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

3

28 U.S.C. § 2255(a).

It must be kept in mind that a § 2255 request for relief is extraordinary and "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

## II.     Plea Agreement Waiver

In a signed plea agreement, McCabe waived his right to petition under 28 U.S.C. § 2255. (Doc. No. 116 at 8.) This waiver does not apply to claims of ineffective assistance of counsel but applies to all other claims.[1] "A defendant may waive the right to seek collateral relief under § 2255." *Ackerland v. United States*, 633 F.3d 698, 701 (8th Cir. 2011). "Such a waiver is enforceable when the claim raised falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and waiver, and enforcement of the waiver would not result in a miscarriage of justice." *Id.*

McCabe asserts that he did not knowingly and voluntarily enter into the plea agreement. The majority of his claims relate to the plea agreement and his apparent misunderstanding, or inability to understand, its terms. As the Government notes, these

---

[1]     Additionally, the Eighth Circuit has held that even if a defendant has waived post-conviction or appeal rights, the defendant may still challenge "an illegal sentence," meaning "[a]ny sentence imposed [outside] the statutory range." *Ackerland*, 633 F.3d at 702 (internal quotations and citation omitted). This exception is inapplicable here because McCabe does not allege that his sentence falls outside the statutory range.

assertions are contradicted by the record.  McCabe signed a plea agreement that stated that he understood the terms of the agreement.  (Doc. No. 116 at 9.)  Then at the plea hearing, the Court walked McCabe through the plea agreement.  The Court explained that the plea agreement included a waiver clause, meaning that unless the Court sentenced McCabe to more than 211 months, he could not appeal or collaterally attack his sentence or other issues in the case.  (Doc. No. 197 at 21.)  McCabe said he understood.  (*Id.*)  The Court also asked McCabe if he wished to claim that he was innocent, and McCabe responded, "No."  (*Id.* at 27.)  McCabe then agreed that he possessed a duffle bag with twenty-five kilograms of cocaine, intended to participate in the distribution of controlled substances, and possessed firearms in furtherance of drug trafficking.  (*Id.* at 28.)  He also stated that he was satisfied with his representation at that time.  (*Id.* at 4.)

Additionally, McCabe now asserts that he was taking medication at the time which impacted his ability to understand the agreement.  At the plea hearing, however, the Court asked McCabe whether he was "under the influence of any alcohol or drugs," including any "over-the-counter medication or a prescription medication."  (Doc. No. 197 at 4.)  McCabe responded, "No."  (*Id.*)  While McCabe now contends that he did not understand the agreement and was under the influence of drugs or other medication, he "fails to overcome the 'strong presumption of verity' that attache[s] to statements made in 'open court.'"  *Nguyen v. United States*, 114 F.3d 699, 704 (8th Cir. 1997).

Lastly, McCabe asserts that he is mentally incompetent.  Nothing in the record supports McCabe's assertion.  To the contrary, the record reflects that McCabe was responsive during the plea hearing proceedings and affirmed that he understood the terms

5

of the plea agreement. At one point, McCabe even interjected that the amount of cocaine at issue was 25 kilograms, not 30 grams. (Doc. No. 197 at 12-14.) And while the Presentence Investigation Report noted that McCabe suffered from anxiety and depression, McCabe does not explain how this impacted his ability to understand the proceedings. Overall, McCabe has offered no evidence to substantiate his claim that he is mentally incompetent, and the record and the Court's observations demonstrate otherwise.

The Court concludes that McCabe knowingly and voluntarily entered into a plea agreement that included a waiver of his right to seek collateral relief under § 2255. The waiver does not include claims related to ineffective assistance of counsel. Thus, the Court will only address McCabe's claims related to ineffective assistance of counsel.

### III.   Ineffective Assistance of Counsel

The United States Constitution guarantees that the accused "shall enjoy the right. . . to have the Assistance of Counsel" in criminal prosecutions. U.S. Const. amend. VI. To prevail on a claim for ineffective assistance of counsel under § 2255, however, a defendant must overcome a "heavy burden." *Apfel*, 97 F.3d at 1076. To overcome that burden, a defendant must first "show that counsel's performance was deficient." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The deficiency must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* The defendant must show that the errors were not the result of "reasonable professional judgment." *Id.* at 690. There is a strong presumption "that counsel . . . rendered adequate assistance." *Id.* Second, the defendant must establish that

the deficient performance actually prejudiced the defense. *Id.* at 694.  A defendant must prove with "a probability sufficient to undermine confidence in the outcome" that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

### A.     Claims Related to the Plea Agreement

Many of McCabe's ineffective assistance of counsel claims relate to the plea agreement.  He makes a number of assertions, including that his counsel deceived him, failed to explain the terms of the plea agreement or elements of the offenses, lied about how much time McCabe was facing, and forced him to plead guilty.  As noted above, all of these assertions are contradicted by the record.  At the plea hearing, McCabe stated that he understood the terms of the agreement and wished to plead guilty.  The Court told McCabe how much prison time he was facing and went through the facts underlying both offenses.  While McCabe now asserts that he is innocent and wishes to change his plea, this assertion is conclusory and entirely unsupported by specific facts.

McCabe also argues that his counsel should have argued that McCabe is mentally incompetent.  As noted above, McCabe has not provided any evidence to substantiate his assertion that he is incompetent, and the record demonstrates otherwise.  "If the defendant cannot prove prejudice, [the court] need not address whether counsel's performance was deficient." *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000). McCabe has not demonstrated prejudice, as he has failed to prove that he would have been deemed incompetent had the issue been raised by his counsel.

7

Next, McCabe argues that his counsel was ineffective for failing to file a motion to withdraw the guilty plea and asserts that his counsel "ill-advised [McCabe] that [a] motion to withdraw plea was meritless." (Doc. No. 209 at 15.) "There is no right to withdraw; the plea of guilty is a solemn act not to be disregarded because of belated misgivings about its wisdom." *United States v. Andolini*, 705 F.3d 335, 337 (8th Cir. 2013) (emphasis omitted). If a defendant wishes to withdraw a plea, the defendant must first "show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B).

While McCabe asserts that he wanted to withdraw his guilty plea, he does not explain why it would have been fair and just for him to do so. The record does not support this claim. At the plea hearing, McCabe acknowledged that he possessed a duffle bag with twenty-five kilograms of cocaine, intended to participate in the distribution of controlled substances, and possessed firearms in furtherance of drug trafficking. (Doc. No. 197 at 28.) McCabe also stated that he understood the terms of the plea agreement and that he was satisfied with his counsel's representation. Prior to sentencing, McCabe wrote a letter to the Court, saying that he would like to "accept responsibility and hold myself accountable for my choices and my actions." (Doc. No. 163 at 12.) And at the sentencing hearing, McCabe again apologized to the Court and his family, stating that "[t]he course of my actions have been appalling." (Doc. No. 208 at 25.) An attorney is not ineffective for failing to raise meritless arguments. *Thomas v. United States*, 951 F.2d 902, 905 (8th Cir. 1991). Ultimately, McCabe has not demonstrated that his counsel

was ineffective for failing to move to withdraw McCabe's guilty plea or that the Court would have granted such motion.

### B. Suppression Issues and Government Misconduct

McCabe additionally asserts that his counsel was ineffective when handling suppression issues. Specifically, McCabe asserts that law enforcement planted drug residue on his door handle to get a positive Ion swab reading. (Doc. No. 209 at 8, 11, 15-16.) Aside from this conclusory assertion, McCabe has not provided any evidence to prove that the Government planted evidence. Moreover, even if his counsel had made that argument at the suppression hearing, it would not have changed the outcome of the motion to suppress. The Government stated that it would not offer evidence of the Ion swab in its case-in-chief, so the Court denied McCabe's motion to suppress evidence obtained from the Ion swab as moot. The Court also concluded that the search warrants would have been valid even without the Ion swab evidence. Thus, even if McCabe's counsel was ineffective for failing to raise the issue, McCabe has failed to establish prejudice.

In addition, McCabe asserts that law enforcement illegally relied on exigent circumstances to conduct the search. (Doc. No. 209 at 11). This is not the case, as the searches of McCabe's apartment and car were conducted pursuant to search warrants. As noted above, McCabe's counsel is not ineffective for failing to raise meritless arguments. *Thomas*, 951 F.2d at 905.

### C. Sentencing and Investigation Issues

Additionally, McCabe argues that his counsel conducted an inadequate investigation. He argues that his counsel should have reviewed surveillance footage from his arrest to see that he "did not possess the duffle bag." (Doc. No. 252 at 19.) McCabe appears to assert that he did not possess the duffle bag filled with cocaine because he was not physically holding the duffle bag at the time of his arrest. Prior to his arrest, however, he and Co-Defendant Rolack were seen moving a duffle bag filled with cocaine from McCabe's apartment to McCabe's Buick. (Doc. No. 167 at 6.) Additionally, to the extent that McCabe argues that his counsel would have found evidence that law enforcement planted evidence, this claim is mere speculation. McCabe's counsel is not ineffective for failing to raise meritless arguments. *Thomas*, 951 F.2d at 905.

McCabe also asserts that his counsel should have objected to his prior state drug charge. McCabe received three points for his 1999 conviction for possessing cocaine with intent to distribute. He received three points because this conviction resulted in a "sentence of imprisonment exceeding one year and one month." U.S.S.G. § 4A1.1(a). Although McCabe was resentenced in 2007, that does not change the applicability of this provision. And while McCabe asserts that his counsel should have made an argument about the purity level of the cocaine from that prior conviction, such an argument would not have changed the number of criminal history points McCabe received for this conviction.

**D.     Request for Appeal**

Lastly, McCabe asserts that his counsel failed to appeal the denial of his motion to suppress and his sentencing judgment. He asserts he told his counsel both during and right after the sentencing hearing that he would like to appeal. (Doc. No. 252 at 20.) In an affidavit, McCabe's counsel, James Becker, states that he spoke with McCabe over the phone a few days after the sentencing hearing, on March 24, to discuss the possibility of appeal. (Doc. No. 223 at 3.) He discussed with McCabe the waiver of appeal in the plea agreement. (*Id.*) McCabe then "acknowledged that his appeal waiver was enforceable, that he was not pursing a direct appeal of his sentence, and that he would pursue further action against his retained attorney by an alternative path, likely pursuant to . . . 28 U.S.C. Section 2255." (*Id.* 3-4.)

McCabe makes a number of inconsistent statements about his conversations with Becker. Initially, McCabe stated his counsel "never consulted with [him]" about his right to appeal. (Doc. No. 201 at 1.) McCabe then later asserted that he did speak with Becker about his about options for potential relief but not until September 2022. (Doc. No. 252 at 20-21.) In yet another filing, McCabe acknowledges that the March 24 conversation occurred but asserts that he requested an appeal. (Doc. No. 253 at 4.) And while McCabe separately asserts that he requested an appeal immediately following the sentencing hearing, that assertion does not contradict Becker's statement that he then spoke with McCabe a few days after the hearing.

"An attorney's failure to file a requested appeal automatically satisfies the deficient-performance prong of *Strickland*," even if "the petitioner has waived [his] right

11

to appeal." *Witthar v. United States*, 793 F.3d 920, 922-23 (8th Cir. 2015). "When a district court receives conflicting statements—one from a § 2255 petitioner and one from [the petitioner's] former counsel—the court cannot make a factual determination based on the relative credibility of these individuals without the benefit of an evidentiary hearing." *Id.* at 923 (internal quotations and citation omitted). But the Court need not conduct an evidentiary hearing if the petitioner's statement is facially incredible or does not contain similar specificity as counsel's statement. *Id.*

Here, the Court concludes that McCabe's statements are facially incredible, given the number of inconsistencies. In one filing, McCabe appears to assert that he never consulted with his counsel regarding his right to appeal and "understood not[h]ing about the nature of the offense[] and of the proceeding[s] against him" (Doc. No. 201 at 1), and in another filing McCabe asserts that he instructed his counsel to file a notice of appeal and warned Becker of the filing deadline (Doc. No. 252 at 20). Moreover, in one filing, McCabe denies speaking with Becker on March 24 (*id.* at 20-21), and in a separate filing he appears to acknowledge the meeting (Doc. No. 253 at 4). Given these inconsistencies, the Court declines to hold an evidentiary hearing on this issue.

Overall, McCabe has failed to demonstrate that his counsel was ineffective. Each of McCabe's claims fail for the reasons outlined above.

**IV.    No Evidentiary Hearing Required**

There is no reason for the Court to further explore any credibility issues with respect to McCabe's claims. A § 2255 motion can be dismissed without a hearing if: (1) the defendant's allegations, if accepted as true, would not entitle him to relief; or

(2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998). All of McCabe's allegations are either contradicted by the record, inherently incredible, conclusions, or, even if accepted as true, would not entitle him to relief. McCabe has filed two motions for an evidentiary hearing. Based on the above, the Court therefore denies both motions.

## V.     Motion to Appoint Counsel

McCabe also requests that the Court appoint him counsel. (Doc. Nos. 210.) A defendant filing a motion under § 2255 "is not entitled, as a matter of constitutional right, to have court-appointed counsel in the preparation and presentation of such a motion in the District Court or the Court of Appeals." *Baker v. United States*, 334 F.2d 444, 447 (8th Cir. 1964). Rather, the Court may, in its discretion, appoint counsel if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. § 2255(g). Because McCabe's claims are without merit, the Court denies his request for counsel.

## VI.     Other Motions

McCabe has submitted a variety of additional motions. McCabe filed a motion for order compelling the United States. (Doc. No. 219.) He argues that the Court should compel the Government to produce various evidence, including "tracking devices" and "[p]roduction of planting evidence of traces of Cocaine on Door Knobs." (*Id.* at 1.) The Court denies this motion, as McCabe's claims are without merit and the Court will not be holding an evidentiary hearing. McCabe also moves for a copy of the docketing sheet to confirm that the Court has received his second § 2255 motion. (Doc. No. 220). This

order serves as confirmation that the Court has received—and now ruled on—McCabe's second § 2255 motion, and thus his motion for a docketing sheet is denied as moot. McCabe filed two motions regarding his case file. (Doc. Nos. 221, 226.) The Court ordered McCabe's counsel, Shane and Becker, to file a letter regarding these two motions. (Doc. No. 232.) At this time, the Court is satisfied with Shane and Becker's responses. (*See* Doc. Nos. 242, 246.) McCabe's motions regarding his files are denied.

McCabe filed another motion in May 2023, asking the Court to order his counsel, Robert Shane and James Becker, to respond to his § 2255. (Doc. No. 234.) Both Shane and Becker have complied with the Court's orders and therefore this motion is denied. Lastly, McCabe filed a motion for extension of time to file a response/reply. (Doc. No. 259.) The Court's January 16 order was directed solely to the Government, and McCabe was not granted an opportunity to respond. (*See* Doc. No. 256.) The Court therefore denies McCabe's motion.

## CERTIFICATE OF APPEALABILITY

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). A court cannot grant a COA unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court has considered whether issuance of a COA is appropriate and concludes that no issue is raised "debatable among reasonable jurists." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994). Moreover, McCabe has not made a substantial showing of the denial of a constitutional right. Thus, the Court will not issue a COA.

**ORDER**

Based upon the record before the Court, and the Court being otherwise duly advised in the premises, **IT IS HEREBY ORDERED** that:

1. Petitioner-Defendant McCabe's first *pro se* motion to vacate under 28 U.S.C. § 2255 (Doc. No. [204]) is respectfully **DENIED AS MOOT.**

2. Petitioner-Defendant McCabe's second *pro se* motion to vacate under 28 U.S.C. § 2255 (Doc. No. [209]) is respectfully **DENIED.**

3. Petitioner-Defendant McCabe's *pro se* motion to appoint counsel (Doc. No. [210]) is respectfully **DENIED.**

4. Petitioner-Defendant McCabe's *pro se* motion for evidentiary hearing (Doc. No. [211]) is respectfully **DENIED.**

5. Petitioner-Defendant McCabe's *pro se* motion for order compelling USA (Doc. No. [219]) is respectfully **DENIED.**

6. Petitioner-Defendant McCabe's *pro se* motion for copy of docketing sheet (Doc. No. [220] is respectfully **DENIED AS MOOT.**

7. Petitioner-Defendant McCabe's *pro se* motion for order and right to Rule 15 (Doc. No. [221]) is respectfully **DENIED.**

8. Petitioner-Defendant McCabe's *pro se* motion to compel defendant counsel for production of client files (Doc. No. [226]) is respectfully **DENIED.**

9. Petitioner-Defendant McCabe's *pro se* motion for order (Doc. No. [234]) is respectfully **DENIED.**

10. Petitioner-Defendant McCabe's second *pro se* motion for evidentiary hearing (Doc. No. [249]) is respectfully **DENIED.**

11. Petitioner-Defendant McCabe's second *pro se* motion for extension of time to file response/reply (Doc. No. [259]) is respectfully **DENIED.**

12. No evidentiary hearing is required in this matter.

13. No Certificate of Appealability will be issued to Petitioner-Defendant McCabe.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  February 16, 2024			s/Donovan W. Frank
					DONOVAN W. FRANK
					United States District Judge