UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 20-106(1) (DWF) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Lamond Leroy McCabe, | |
| Defendant. | |

## INTRODUCTION

This matter is before the Court on Defendant Lamond Leroy McCabe's *pro se* motion for compassionate release. (Doc. No. 264.) The United States of America (the "Government") opposes the motion. (Doc. No. 278.) For the reasons set forth below, the Court respectfully denies McCabe's motion for compassionate release.

## BACKGROUND

McCabe was charged with conspiracy to distribute controlled substances, aiding and abetting possession with intent to distribute controlled substances, and aiding and abetting possession of firearms in furtherance of drug trafficking on June 10, 2020. (Doc. No. 1.) He pleaded guilty to the second and third charge on June 9, 2021. (Doc. No. 115.) This Court sentenced McCabe to a 180-month term of imprisonment to be followed by a five-year term of supervised release on March 15, 2022. (Doc. No. 169.) McCabe is currently incarcerated at Rochester FMC with an anticipated release date of January 18, 2035. Federal Bureau of Prisons, *Inmate Locator*,

https://www.bop.gov/inmateloc (last visited November 13, 2024).  McCabe moves for compassionate release based on his family circumstances.

## DISCUSSION

The First Step Act allows the Court to reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).  These reasons include:  (1) medical circumstances; (2) age-related deterioration; (3) family circumstances; (4) physical or sexual abuse while in custody; (5) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories; and (6) an unusually long sentence.  U.S.S.G. § 1B1.13.

If "extraordinary and compelling reasons" exist, a reduction of sentence is appropriate when "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" and "the reduction is consistent with [the Sentencing Commission's] policy statement."  *Id.*  The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A).  As the movant, the defendant bears the burden to establish that they are eligible for compassionate release.  *United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022).

A defendant may move for a sentence reduction only after complying with an exhaustion requirement.  18 U.S.C. § 3582(c)(1)(A).  Specifically, a defendant may move for a sentence reduction only "after [1] the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

2

defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* McCabe sent a relief request to his warden on December 26, 2023, thus, more than thirty days from receipt have lapsed. (Doc. No. 264-1 at 2.) The Court finds McCabe's motion ripe for review.

McCabe moves for compassionate release to care for his grandmother and his granddaughter. (Doc. No. 265.) McCabe's grandmother has been diagnosed with dementia and "needs 24 hour care." (Doc. No. 264-1 at 4). In a brief letter, Dr. Michael J. Bleet further explained that McCabe's grandmother "needs assistance with food preparation, medication management, transportation, hygiene, and dressing." (*Id.*) McCabe's granddaughter allegedly suffers from ADHD, opposition defiant disorder, borderline intellectual functioning disorder, mixed receptive expressive language disorder, PTSD, disruptive mood disorder, and sensory integration disorder. (*Id.* at 6.) McCabe's wife is currently caring for both McCabe's grandmother and their granddaughter. (Doc. No. 285 at 1-2.) She has taken leave from work to continue providing care, but that leave expires on December 21, 2024. (*Id.*) She cannot take any further leave without losing her job. (*Id.*)

The Government argues that McCabe did not provide sufficient medical documentation of his grandmother's, wife's,[1] and granddaughter's conditions and specific

---

[1] McCabe did not argue in his motion that his wife's condition is an extraordinary and compelling reason warranting his release. His wife submitted a letter explaining that she is at risk of partial paralysis, which would limit her ability to care for McCabe's grandmother and their granddaughter. (Doc. No. 267.) McCabe did not include this information in the request he sent to his warden, nor did he submit any medical

3

care requirements or explain why other members of his family cannot care for them. (Doc. No. 278 at 4.) More specifically, "McCabe's deceased brother has children, McCabe's wife has an adult son . . . , and McCabe has two adult children . . . who could conceivably assist with McCabe's grandmother's care and/or McCabe's wife's granddaughter's care." (*Id.* at 7.)

McCabe responded explaining that he has no relationship with his deceased brother's children, his son lives between Arizona and Minnesota and does not have a certain schedule, his daughter is a busy single mother, and his wife's son does not live near enough to his wife to provide care. (Doc. No. 279 at 4-5.)

A few courts in this district have found an extraordinary and compelling reason under § 3582(c)(1)(A)(i) where the defendant was the only available caregiver to a sick parent. *See, e.g.*, *United States v. Otis*, No. 17-cr-207, 2024 WL 2873961, at *1 (D. Minn. June 7, 2024) (finding this qualified as an extraordinary and compelling reason, but denying compassionate release on other grounds); *United States v. Sok*, No. 14-cr-271, 2024 U.S. Dist. LEXIS 33058, at *3-4 (D. Minn. Feb. 27, 2024); *United States v. Ziegler*, No. 20-cr-188, 2023 WL 5769448, at *4 (D. Minn. Sept. 7, 2023). The recent amendment to the U.S. Sentencing Policy Statement extends "family circumstances" to include other immediate family members, like grandparents. U.S.S.G. § 1B1.13(b)(3). Thus, to prove that caring for a grandparent is an extraordinary and compelling reason, a defendant must show (1) the grandparent is incapacitated, and

---

documentation about his wife's condition to the Court. Accordingly, the Court does not consider this ground at this time.

(2) the defendant is the only available caregiver for that grandparent. *See id.*; *Ziegler*, 2023 WL 5769448, at *4.

Here, McCabe has not met his burden. First, McCabe has not shown that he is the only available caretaker for his grandmother. The Court received letters from a few family members about their ability to care for McCabe's grandmother, but there are several other family members that the Court has not heard from. While McCabe has alleged in his reply memorandum that these family members are unavailable or that he is not in contact with them, the Court requires more. Additionally, it appears that McCabe has several cousins, including one cousin who wrote to the Court requesting McCabe's release and speaking in detail about their grandmother; however, this cousin failed to explain why they cannot care for their grandmother. (Doc. No. 275 at 3.)

The Court is also concerned about the lack of medical evidence submitted by McCabe: He submitted only a short form letter from Dr. Bleet about the condition and care requirements of his grandmother. The letter is four sentences long and does not explain Dr. Bleet's relationship with McCabe's grandmother, only that she was treated in his department in April 2024. Dr. Bleet provided no other contact information aside from the general clinic contact information. Although McCabe's grandmother's condition is referenced in his filings and the many letters the Court received about McCabe's character, these are not medical records.

Moreover, there are other inconsistencies in the filings that give the Court pause. For example, McCabe alleges that he has savings from "prior working periods" that he

5

can use to support himself and care for his grandmother.  (Doc. No. 274-1.)  It is unclear why that money could not be used now to assist his family in caring for his grandmother.

Next, the Court does not find McCabe's granddaughter's condition to be an extraordinary and compelling reason.  The Court has received only a list of her alleged conditions without any certification from a medical provider or accompanying medical records.  Similarly, the Court does not have any information about why other family members cannot care for her.  Further, it does not appear that McCabe presented this issue to his warden before requesting relief from the Court.  (*See* Doc. No. 264-1 at 2.)

Because the Court concludes that McCabe has failed to show extraordinary and compelling circumstances warranting compassionate release, the Court need not address the § 3553(a) factors or whether McCabe poses a danger to the community.

Although the Court concludes that McCabe has not carried his burden of proving extraordinary and compelling circumstances, the Court sympathizes with the difficulty of his family's situation.  It hopes his family can come together at this difficult time.

## ORDER

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Lamond Leroy McCabe's motion for compassionate release from custody (Doc. No. 264) is respectfully **DENIED.**

Dated:  November 27, 2024          s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   United States District Judge