UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 20-106(1) (DWF/BRT) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Lamond Leroy McCabe, | |
| Defendant. | |

## INTRODUCTION

This matter is before the Court on Defendant Lamond Leroy McCabe's *pro se* motion for compassionate release. (Doc. No. 289.) The United States of America (the "Government") opposes the motion. (Doc. No. 311.) For the reasons set forth below, the Court denies the motion.

## BACKGROUND

McCabe pleaded guilty to possession with intent to distribute controlled substances and possession of firearms in furtherance of drug trafficking crimes on June 9, 2021. (Doc. No. 115.) On March 15, 2022, the Court sentenced McCabe to a 180-month prison term to be followed by a five-year term of supervised release. (Doc. No. 169.) McCabe is currently incarcerated at FMC Rochester with an anticipated release date of January 18, 2035. *Find an Inmate.*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Oct. 3, 2025).

McCabe previously moved for compassionate release in May 2024 based on family circumstances. (Doc. No. 264.) Specifically, he argued that his grandmother and granddaughter need a caretaker. (Doc. No. 265.) The Court denied McCabe's motion because there was insufficient evidence about his grandmother and granddaughter's medical conditions and he did not show that he was the only available caregiver. (Doc. No. 287 at 5-6.) McCabe's second motion for compassionate release is now before the Court. (Doc. No. 289.) The motion largely reraises the family circumstances from his previous motion.

## DISCUSSION

The First Step Act allows the Court to reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). These reasons include: (1) medical circumstances; (2) age-related deterioration; (3) family circumstances; (4) physical or sexual abuse while in custody; (5) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories; and (6) an unusually long sentence. U.S.S.G. § 1B1.13(b).

If "extraordinary and compelling reasons" exist, a sentencing reduction is appropriate when "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" and "the reduction is consistent with [the Sentencing Commission's] policy statement." *Id.* § 1B1.13(a). The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). As the movant, the defendant bears the

2

burden to establish that they are eligible for compassionate release. *United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022).

A defendant may move for a sentencing reduction only after complying with an exhaustion requirement. 18 U.S.C. § 3582(c)(1)(A). Specifically, a defendant may move for a sentencing reduction only "after (1) the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or (2) the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* McCabe sent a request to his warden on February 13, 2025. (Doc. No. 290 at 2.) Therefore, his motion is ripe for review.

McCabe primarily raises the same arguments from his previous motion for compassionate release, although he has submitted additional exhibits and declarations and makes an explicit argument that his wife is incapacitated. McCabe's wife appears to be the caretaker for both his grandmother and granddaughter. (*See* Doc. No. 295.)[1] McCabe's grandmother suffers from dementia and requires 24/7 care. (Doc. Nos. 290-1, 290-2.) McCabe's granddaughter suffers from a variety of mental illnesses. (*See* Doc. No. 290-3 at 26.) McCabe's wife suffered a suspected ischemic stroke in early 2023 which has caused some numbness in her face, arm, and leg. (*Id.* at 4-5.) She has also dealt with back and neck pain for many years. (*Id.* at 17.) Based on this, McCabe argues

---

[1]   The record is not entirely clear on this point. Notes in the medical records also suggest that McCabe's grandmother lived in an assisted living facility at one point and with other family members. (*See, e.g.*, Doc. No. 290-2 at 3, 7, 10.)

3

that his wife is incapacitated and that he is the only available caregiver for his wife, grandmother, and granddaughter. (Doc. No. 291 at 10.) The Government argues that the medical records before the Court are insufficient because they all come from 2023 and 2024, that the declarations from McCabe's family are insufficient to show that he is the only available caregiver, and that there are inconsistencies in McCabe's filings. (Doc. No. 311 at 3-4.)

Under the family circumstances category, extraordinary and compelling reasons exist in the following situations:

> (A)  The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.
>
> (B)  The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (C)  The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.
>
> (D)  The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, "immediate family member" refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

U.S.S.G. § 1B1.13(b)(3). Incapacitation means that a person has suffered a severe injury or illness that renders them incapable of caring for themselves or others. *See* Fed. Bureau of Prisons, Program Statement No. 5050.50, *Compassionate Release/Reduction in*

*Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)* at 7, 10 (2019).

McCabe has not demonstrated extraordinary or compelling reasons. To start, he has not shown that his wife is incapacitated. McCabe's wife continues to work and care for his granddaughter and grandmother despite her medical conditions. She also asserts that she would continue working after McCabe's release. McCabe asserts that she is at risk of partial paralysis, but that claim is too speculative and not supported by any medical records. There are also passing references to McCabe's wife requiring back surgery, but no medical records support that assertion. Therefore, the Court finds that McCabe's wife is not incapacitated. Consequently, McCabe also cannot show that his grandmother and granddaughter's caregiver is incapacitated or that he is the only available caregiver. Thus, he has not shown extraordinary or compelling reasons.[2]

Because the Court concludes that McCabe failed to show an extraordinary and compelling reason for his release, the Court need not address whether he poses a danger to the community or whether the sentencing factors favor his release.

## CONCLUSION

The Court denies compassionate release today because the record does not demonstrate extraordinary and compelling reasons. The Court sympathizes with the challenges McCabe's wife and extended family face in caring for his grandmother and

---

[2] The Court also notes its concern about the lack of recent medical records and inconsistencies in the record about McCabe's wife's health.

granddaughter. These kinds of care obligations can be difficult. This is an unfortunate reality of all too many families in our country. But this situation is not a basis for compassionate release at this time. The Court encourages McCabe's family to come together during this difficult time and support one another.

## ORDER

Based upon the foregoing and the record in this case, **IT IS HEREBY ORDERED** that Defendant Lamond Leroy McCabe's *pro se* motion for compassionate release (Doc. No. [289]) is respectfully **DENIED**.

Dated:  October 8, 2025              s/Donovan W. Frank
                                     DONOVAN W. FRANK
                                     United States District Judge